UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HEIDI RODRIGUEZ, et al.,

                            Plaintiffs,

      v.                                                   1:11-cv-1068

VILLAGE GREEN REALTY, INC., et al.,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiffs move for reconsideration of the Court's October 10, 2013 Decision and Order [Dkt. No. 76], familiarity with which is presumed, insofar as it dismissed their claims under 42 U.S.C. §§ 3604(c) and (d) on the ground that such claims do not require them to prove that their daughter has a disability within the meaning of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. § 3601, et seq. Defendants oppose the motion and move for reconsideration of the Court's denial of their motion for summary judgment with respect to the claim under 42 U.S.C. § 3617 on the ground that Plaintiffs are required to prove that A.R. is within the class of protected persons in order to prevail on that claim.

## I. Plaintiffs' Motion for Reconsideration

In their motion for summary judgment, Defendants argued that A.R. was not disabled[1] within the meaning of the FHA and, therefore, Plaintiffs could not prevail on their claims. In response, Plaintiff's argued that A.R. was disabled, but never claimed that her status in this regard was not relevant to the claims under §§ 3604(c) and (3). Accordingly, the Court did not address this specific issue.

Plaintiffs now argue that §§ 3604(c) and (d) apply more broadly than § 3604(f) and, therefore, they need not prove that A.R. was disabled. From the perspective of standing to assert a claim, Plaintiffs are correct. Subsection (c) makes it unlawful:

> [t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . handicap . . . or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(c). Similarly, subsection (d) makes it unlawful "[t]o represent to any person because of . . . handicap . . . that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available." 42 U.S.C. § 3604(d). By their plain terms, neither of these subsections require proof that the plaintiff is disabled. Rather, it is the acts of indicating any preference, limitations or discrimination based on handicap, or representation that a dwelling is not available because of handicap that are prohibited. Thus, in <u>Ragin v. Harry Macklowe Real Estate Co.</u>, 6 F.3d 898, 904 (2d Cir. 1993), the Second Circuit held that plaintiffs who saw a discriminatory newspaper advertisement but were not themselves in the real estate market had standing to sue under the FHA. In <u>Ragin</u>, the Second Circuit

---

[1] The statute uses the term "handicap." 42 U.S.C. § 3602(h). In this Opinion, the Court uses the terms "disability" and "handicap" interchangeably.

approved the district court's statement that "'a plaintiff who proves that she read the challenged advertisement and that the advertisements would indicate a [discriminatory] preference to the ordinary reader 'has suffered injury in precisely the form the [FHA] was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions.'" Id. (quoting Ragin v. Harry Macklower Real Estate Co., Inc., 801 F. Supp. 1213, 1229 (in turn quoting Havens Realty Corp. v. Coleman, 455 U.S. 363, 373-74, 102 S. Ct. 1114 (1982))); see also United States v. Space Hunters, Inc., 429 F.3d 416, 425 (2d Cir. 2005) ("In fact, we have permitted plaintiffs to recover for discriminatory advertising even when the plaintiffs were not in the market for housing.").

Here, the statements alleged to violate subsections (c) and (d) were made by Aponte to Heidi Rodriguez, the parent of A.R., which is alleged to have caused, among other things, emotional harm.[2] This is sufficient to satisfy the standing requirement under subsections (c) and (d).

The next question, then, is whether these claims were properly dismissed on summary judgment or, conversely, whether Plaintiffs are entitled to judgment as a matter of law on those claims. "[T]o establish . . . liability under § 3604(c), the [plaintiff] must show that (1) [defendant] made a statement; (2) the statement was made with respect to the sale or rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination on the basis of disability." Corey v. U.S. Dept. of Housing & Urban Dev., 719 F.3d 322, 326 (4th Cir. 2013); see also Short v. Manhattan Apartments, Inc., 916 F. Supp. 2d 375, 394 (S.D.N.Y. 2012); White v. U.S. Dept. of Housing and Dev., 475 F.3d 898, 904 (7th Cir. 2007);

---

[2] The subject statements all came in the form of text messages between Aponte and Rodriguez. These statements were set forth in their entirety at the end of the Court's prior Decision and Order. See Dkt. No. 76.

Miami Valley Fair Housing Center, Inc. v. Connor Group, 805 F. Supp.2d 396, 407 (S.D. Oh. 2011). The first two elements are not in issue in this case. Whether Aponte's statements indicated a preference, limitation or discrimination on account of disability is in issue.

In determining whether a statement runs afoul of § 3604(c), courts use an "ordinary listener" standard. Soules v. U.S. Dept. of Hous. & Urban Dev., 967 F.2d 817, 824 (2d Cir. 1992). The Court must inquire whether the subject statements would suggest to an ordinary listener that a particular protected class is preferred or not preferred for the housing in question. Id. An ordinary listener hears statements in context and "is neither the most suspicious nor the most insensitive of our citizenry." Id. "If an ordinary listener would believe that the statement suggests a preference, limitation, or discrimination based on a protected status, the statement is deemed discriminatory. . . . Evidence of the speaker's motivation for making the discriminatory statement is unnecessary to establish a violation. Corey, 719 F.3d at 326. Thus, "[s]ubjective intent to discriminate is not required to establish a violation of section 3604." Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp., 725 F.3d 571, 577 (6th Cir. 2013). The Court must, therefore, "question whether the ordinary listener, in light of all the circumstances, would have interpreted [Aponte's] statements . . . . to suggest an impermissible preference based on [disability]." Soules, 967 F.2d at 824.

In analyzing claims under §§3604(c) or (d), the issue of "handicap" necessarily comes back into play, albeit not limited to whether A.R. herself was handicapped. This is because, to succeed, Plaintiffs must show that Defendants' statements indicated a

preference, limitations or discrimination toward a protected class.³ Here, that protected class is "handicap." The term "handicap" is statutorily defined to mean:

> (1) a physical or mental impairment which substantially limits one or more of such person's major life activities,
>
> (2) a record of having such an impairment, or
>
> (3) being regarded as having such an impairment. . . .

42 U.S.C. § 3602(h); see Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 46 (2d Cir. 2002). Thus, a protected class is implicated only if the statutory definition is met. Even under the all inclusive and expansive ordinary listener standard, the Court does not believe that liability attaches merely because a statement was made on account of a medical condition. Doing so would effectively write the statutory definition of "handicap" out of the statute and broaden the scope of its coverage beyond the statute's plain terms. Accordingly, the statutory definition of "handicap" must be taken into consideration in analyzing Aponte's statements. White, 475 F.3d at 905.

The Court, therefore, finds that, for the § 3604(c) claim, Plaintiffs must demonstrate that an ordinary listener would believe that, in light of all the circumstances, Aponte's statements indicated a preference, limitation or discrimination based on "handicap," as defined by statute. See Soules, 967 F.2d at 824. Similarly, for the § 3604(d) claim, Plaintiffs must demonstrate that Aponte represented that the apartment was not for rent because of "handicap," as defined by the statute.

---

³ As noted, § 3604(c) prohibits statements indicating a preference, limitation, or discrimination "based on . . . handicap," and § 3604(d) prohibits representations that housing is unavailable "because of . . . handicap."

Looking at all of Aponte's statements it is clear that they were aimed at A.R. individually and not to disabled persons generally. For example, Aponte stated that "[t]he prospective new owner is very concerned about continuing your lease with you Childs [sic] medical situation and will probably not want to rent to you. I think we need to let you know that we will not be renting to you." She further stated "[t]he new owner has decided not to continue to rent to you because your daughter should be in a more convenient location to medical treatment" and that the new owner decided not to have tenants when "all these concerns came up about your daughter being seriously ill and emergency vehicles not being able to get to her!" While these statements superficially appear to be discriminatory on their face because they indicate a desire not to rent to Plaintiffs on account of A.R.'s "illness,""medical condition," "situation," or proximity to medical treatment, for the reasons stated in the Court's prior Decision and Order, they do not evidence discrimination on the basis of handicap as defined by the statute.[4] The Court previously found that there was

---

[4] Although Plaintiffs cite to various cases discussing statements made in connection with racial discrimination, the Court finds that they provide an imperfect analysis. There can be fundamental differences between race-based statements, for which there is no statutory definition/limitation, and remarks that may reflect bias towards persons with disabilities, for which there is a statutory qualification. See 42 U.S.C. § 3602(h). Thus, for example, the statement in United States v. Hylton, — F. Supp.2d —, 2013 WL 2097426 (D. Conn. 2013), a case cited by Plaintiffs, that the landlord preferred a white tenant inescapably leads to the conclusion that the landlord made a discriminatory statement on account of race in violation of the statute. A similarly result might be warranted if, for example, a landlord advertised that he would not accept anybody who used a prosthetic leg. The same cannot be said, however, with respect to a statement that a landlord prefers not to rent to someone because of an unspecified medical condition. Whereas referencing white, black, Hispanic, etc. unquestionably relates to race as protected by the FHA, and refusing to rent to anyone who uses a prosthetic leg encompasses those who are substantially limited in the ability to walk, generally referencing a medical condition does not necessarily refer to someone with a "handicap" as defined by the statute. Even referencing specific conditions (such as a learning disorder or epilepsy) does not necessary implicate a protected class. As the Court noted in the prior Decision and Order, merely because someone suffers from various medical conditions does not automatically mean they are disabled within the meaning of the statute. See e.g. Stephan v. West Irondqeuoit Cent. Sch. Dist., 450 Fed. Appx. 77 (2d Cir. 2011) (there mere fact that someone has a learning disability does not automatically qualify them as disabled under the ADA; see also Dkt. No. 76 at 11-12. Whether a person with a particular condition qualifies as disabled within the meaning of the statute is fact dependent. Accordingly, statements that may, on their surface, appear to be discriminatory
(continued...)

insufficient evidence upon which a fair minded trier of fact could reasonably conclude that A.R. was substantially limited in the ability to learn or that Aponte regarded A.R. as having an impairment that limited a major life activity.[5] Dkt. No. 76 at 7-18. It, therefore, cannot be said that Aponte's statements, which where aimed at A.R., were made based on handicap as defined by the statute. Again, these statements are limited to A.R.'s personal situation and do not indicate a refusal to rent to, or a preference against, persons who do fall within the statute's definition of handicap. There is insufficient evidence in the record reasonably suggesting that Aponte expressed a preference, limitations, or discrimination against disabled persons generally or persons whom she regarded as disabled or had a record of disability. Accordingly, the Court finds that summary judgment was properly granted on the claims brought under subsections (c) and (d) because no trier of fact could reasonably conclude that Aponte's statements indicated a preference, limitations or discrimination based on handicap, as that term is defined in the statute, or that she represented that a dwelling was not available because of handicap, as that term is defined by statute.

## II. Defendants' Motion for Reconsideration

Defendants move for reconsideration on the § 3617 claim arguing that Plaintiffs need to establish membership in a protected class. The Court disagrees. As the Court

---

[4](...continued)
on account of disability may not, in fact, qualify as such under the statute. This is particularly true when statements are aimed at a specific individual and are not broad, generalized statements. In this case, Aponte did not make generalized statements that may reasonably be inferred to be discriminatory in nature on account of disability. Rather, her statements specifically referred to A.R. Aponte did not reference any specific condition suggesting unlawful bias, but referred only to Plaintiffs' "situation," a "medical situation," A.R.'s "illness," A.R. being "sick," A.R. being "seriously ill," and "medical issues." None of these terms reasonably refer to handicap as defined by statute.

[5] Plaintiffs argued only that A.R. was substantially limited in her ability to learn and that Defendants regarded her as disabled. Plaintiffs did not argue that A.R. had a record of such an impairment.

previously held, the statute does not require membership in a protected class to state a claim under § 3617[6] and the case law does not support such a requirement. See Regional Economic Community Action Program, Inc v. City of Middletown, 294 F.3d 35, 54 (2d Cir. 2002); Wells v. Rhodes, 928 F. Supp.2d 920, 931 (S.D. Oh. 2013).

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for reconsideration is GRANTED and upon reconsideration Defendants' motion to dismiss the claims under §§ 3604(c) and (d) is GRANTED and Plaintiff's motion for summary judgment on those same claims is DENIED. Defendants' cross-motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: November 15, 2013

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[6] It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C.A. § 3617.